[Cite as *State v. Brady*, 2023-Ohio-1328.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 9-22-25

    v.

TYLER JOSEPH BRADY,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 21-CR-413

Judgment Affirmed

Date of Decision: April 24, 2023

APPEARANCES:

    *Geoffrey A. Spall* for Appellant

    *Raymond A. Grogan, Jr.* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Tyler Joseph Brady, appeals the April 25, 2022 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from a December 24, 2020 incident in which the Marion Police Department was dispatched to investigate a report of a person having a gun. When officers arrived on the scene, they spoke to a group of three individuals: Brady, Tristan Kennedy, and Heather Canter. During the course of the investigation, officers asked Brady for permission to search the backpack he was wearing for the presence of weapons. Brady consented to the search and when officers asked Brady if they would find weapons in "his" backpack, he responded, "No." (State's Ex. 1). Officers conducted a cursory search of the backpack and, after finding no weapons inside, returned the backpack to Brady. During the course of checking whether the individuals had outstanding arrest warrants, it was learned Kennedy had a warrant and he was taken into custody. At about this same time, Brady attempted to flee from the scene on foot. During the ensuing chase, Brady removed the backpack from his person, threw it onto the ground, and continued running. Officers apprehended Brady and placed him under arrest. During the subsequent search of the backpack, officers located methamphetamine inside an earbud case located inside the backpack.

{¶3} On September 22, 2021, the Marion County Grand Jury indicted Brady on a single count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1), a third-degree felony. Brady appeared for arraignment on November 4, 2021 and pleaded not guilty to the count in the indictment.

{¶4} The matter proceeded to a jury trial on March 31 and April 1, 2022. At trial, Brady introduced the personal property records from the Multi-County Correctional Center ("MCCC") where he and Kennedy were incarcerated after their arrest. Those records indicated a backpack was logged into jail property with Kennedy's personal items and given to Kennedy upon his release from MCCC. (Defendant's Exs. A, B, C). Brady also attempted, unsuccessfully, to introduce Defendant's Exhibit D, an indictment charging Kennedy with drug possession from an unrelated event on April 4, 2021 in which Kennedy was involved. At the conclusion of the trial, the jury found Brady guilty of the charge in the indictment. The trial court accepted the jury's verdict and continued Brady's sentencing pending completion of a presentence investigation report.

{¶5} At the sentencing hearing on April 25, 2022, the trial court sentenced Brady to 36 months in prison on Count One. Additionally, the trial court found that Brady was on post-release control at the time of the offense. Accordingly, the trial court ordered Brady serve an additional 818 days in prison consecutively to the

prison term imposed in the instant case. The trial court filed its judgment entry of sentence later that day.

{¶6} Brady filed a notice of appeal on May 3, 2022. He raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion in denying the admission of relevant, probative, and reliable evidence thus resulting in the deprivation of Defendant's due process right to present a full and fair defense under the U.S. and Ohio Constitutions.**

{¶7} In his assignment of error, Brady argues that the trial court erred by excluding a piece of relevant evidence. Specifically, Brady alleges that the trial court erred by not admitting Defendant's Exhibit D, a copy of an indictment charging Kennedy with aggravated possession of methamphetamine in an unrelated case.

{¶8} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138 (1991).

**{¶9}** "Evidence which is not relevant is not admissible." Evid.R. 402. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Under Evid.R. 403(A), '[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.'" *State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 122, citing *State v. Maag*, 3d Dist. Hancock No. 5-03-32, 2005-Ohio-3761, ¶ 71. "'Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.'" *Id.*, quoting *State v. Calhoun*, 11th Dist. Ashtabula No. 2010-A-0057, 2012-Ohio-1128, ¶ 82.

> The mere fact that testimony is logically relevant does not in all cases make it admissible. It must also be legally relevant. A fact which in connection with other facts renders probable the existence of a fact in issue may still be rejected, if in the opinion of the judge and under the other circumstances of the case it is considered essentially misleading or too remote.

*State v. McDowell*, 3d Dist. Hancock No. 5-17-01, 2017-Ohio-9249, ¶ 28, quoting *Whiteman v. State*, 119 Ohio St. 285, 289 (1928).

**{¶10}** "'[D]espite the mandatory terms of Evid.R. 403(A), when considering evidence under that rule, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion.'" *State*

*v. Nevins*, 171 Ohio App.3d 97, 2007-Ohio-1511, ¶ 49 (2d Dist.), quoting *State v. Harding*, 2d Dist. Montgomery No. 20801, 2006-Ohio-481, ¶ 21.

**{¶11}** Kennedy did not testify at Brady's trial. However, Brady's counsel proffered Defendant's Exhibit D in an attempt to show that the methamphetamine found in the backpack actually belonged to Kennedy and that he, Brady, did not have knowledge of the methamphetamine contained within the earbud case. Accordingly, Brady argues that Kennedy's indictment for his subsequent possession of methamphetamine charge was relevant because it tended to show that Kennedy had a proclivity or propensity for using and possessing methamphetamine. (Appellant's Brief at 7). Brady further argues the indictment charging Kennedy with aggravated possession of drugs, albeit for an offense occurring on April 4, 2021, was "extremely probative" of Brady's theory that the drugs actually belonged to Kennedy "because the very same prosecutor's office had brought charges against [Kennedy] for possession of the very same drug found in this case in a backpack that Kennedy twice claimed belonged to him." (Appellant's Brief at 7-8). Brady argues the indictment was "fundamental" to his case because it demonstrates "that because it was not [Brady's] backpack, *and because Kennedy has also been accused of possession [of] methamphetamine,* the[] drugs belonged to Kennedy." (Emphasis sic.) (Appellant's Brief at 7-8).

**{¶12}** We disagree. First, the indictment that Brady attempted to introduce as evidence did not arise from the course of events on December 24, 2020. Rather, the indictment related to an alleged crime that occurred four months after the date of the instant offense. Accordingly, under the circumstances of the case, it is too remote. Furthermore, "[i]t is a fundamental principal that a complaint or indictment is not evidence of the allegations contained therein." *State v. Draher*, 4th Dist. Ross No. 801, 1981 WL 6016 , *2 (Sept. 10, 1981). Accordingly, the indictment is not evidence that Kennedy possessed methamphetamine on April 4, 2021 *or* on December 24, 2020. In fact, at the time of Brady's trial on the instant offense, Kennedy's possession-of-methamphetamine charge was still pending, and Kennedy had not been convicted of the charge in the indictment. Moreover, Brady's trial counsel was not able to establish a foundation connecting the events on April 4, 2021 to the events on December 24, 2020. In fact, Brady's trial counsel admitted to the trial court, "I'm not suggesting that charge [relating to the events of April 4, 2021] stems from [the December 24, 2020] incident." (Mar. 31 – Apr. 1, 2022 Tr. at 286). *See State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 35, quoting *Whiteman v. State*, 119 Ohio St. 285, 289 (1928) (holding "it is the trial court's providence to determine whether, under the circumstances, testimony is 'essentially misleading or too remote' to be deemed relevant.").

**{¶13}** Additionally, Brady's assertion that the methamphetamine did not belong to him is negated by the evidence that Brady had dominion and control over the backpack containing the drugs during his interaction with law enforcement officers on December 24, 2020. *See State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 53. Furthermore, even assuming Kennedy also had access to the drugs in the backpack, Brady and Kennedy could have had joint possession and control of the drugs. *State v. Troche*, 3d Dist. Marion No. 9-22-18, 2023-Ohio-565, ¶ 31. Accordingly, establishing that Kennedy possessed methamphetamine on another day does not abate Brady's culpability in the instant case, particularly in light of the undisputed evidence that Brady physically possessed the backpack for more than 17 minutes while the officers conducted their investigation. Additionally, Brady's attempt to discard the backpack is at least inferential evidence of his knowledge that drugs were hidden in the backpack and would be found during a more thorough search.

**{¶14}** For the foregoing reasons, we do not find that the trial court abused its discretion by excluding Defendant's Exhibit D from evidence.

**{¶15}** Brady's assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**